UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

HASAN RICHARD MILLER, a/k/a
Jamaican Rick,
            *Defendant-Appellant.*

No. 00-4007

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-43-1)

Submitted: September 29, 2000

Decided: November 21, 2000

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andrew G. Schopler, RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Chapel Hill, North Carolina, for Appellant. Walter C. Hol-
ton, Jr., United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Hasan Miller was convicted pursuant to his guilty plea of one count of conspiracy to distribute in excess of fifty grams of cocaine base. On appeal, Miller alleges the district court erred in assessing a two-level enhancement, pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998), for possession of a firearm and a three-level enhancement, pursuant to USSG § 3B1.1, for his role as supervisor or manager in the offense. Finding no reversible error, we affirm.

Miller challenges his three level role enhancement as a manager or supervisor under § 3B1.1. The determination that the defendant played an aggravating role in the offense is essentially a factual question reviewable for clear error. *See United States v. Sheffer*, 896 F.2d 842, 846 (4th Cir. 1990). We find no clear error in the district court's conclusion that Miller supervised or managed certain members of the conspiracy and that there were at least five individuals involved in the offense.

Miller also assigns error to the district court's enhancement of his sentence for possession of a firearm during the commission of the offense. A defendant may be held liable for the possession of a firearm by a co-conspirator during the conspiracy if the possession was reasonably foreseeable by the defendant. *See United States v. Kimberlin*, 18 F.3d 1156, 1159-60 (4th Cir. 1994). Further, this court has determined that possession of a firearm is a foreseeable event in matters involving the exchange of drugs for large amounts of cash. *See id.* at 1160. We find possession of a firearm by Miller's co-conspirator Anthony Mark was reasonably foreseeable to Miller.

Having considered each of Appellants' claims and finding them to be without merit, we affirm the convictions and sentences imposed by

the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*